JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
Chief, Corporate and Securities Fraud Strike Force
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Criminal Appeals Section
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE SENTENCING DATES (CR 1183) |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Ranee A. Katzenstein, hereby submits the following opposition to defendant's *ex parte* application to continue the sentencing dates (CR 1183).

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 11, 2025             Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

             /s/
BRETT A. SAGEL
RANEE A. KATZENSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Defendant's *ex parte* application is defendant's third attempt to ask this Court for what the Court has already rejected -- twice.  The recent application shows defendant's complete lack of effort to adhere to the Court's schedule.  The government would not oppose a one-week continuance of <u>only</u> the deadline to disclose defendant's expert report; however, the Court should reject defendant's other requests to continue dates as unnecessary, caused by defendant's lack of diligence, premature, and/or based on misleading representations by defendant.

**II.   THE COURT'S PREVIOUS SCHEDULE FOR SENTENCING SHOULD REMAIN**

On December 5, 2024, defendant filed a status report seeking a June 30, 2025, sentencing date.  (CR 1138.)  On December 9, 2024, the Court held a status conference and rejected defendant's proposed dates and asked the parties to meet and confer on a sentencing date in the first quarter of 2025 with a corresponding briefing schedule.

Despite the Court asking for a sentencing date prior to March 31, 2025, the government did not oppose defendant's request for a April 21, 2025, sentencing hearing, which the Court ordered along with a corresponding briefing schedule.  (CR 1140, 1141.)  After the Court granted defendant's request for early returns on Rule 17(c) subpoenas, defendant served subpoenas, among others, on Michelle Phan and EM Cosmetics seeking records that the Court later-described as "grossly overreaching and burdensome."  The government moved to quash the subpoenas, which defendant opposed.  (CR 1149, 1152.)  At the hearing on January 14, 2025, defendant continued to attempt to

justify the improper subpoenas and caused the hearing to be continued until January 31, 2025.

After defendant finally agreed to limit (and drastically alter) the items sought in the subpoenas, on February 5, 2025, two days prior to the deadline to comply, the business manager for Ms. Phan and EM Cosmetics produced all records in their possession and provided an email explanation for what they had and what they were producing.  This production totaled approximately 27 pages.  Ms. Phan's business manager explained to defense counsel on February 5, 2025, and again on February 12, 2025, based on a follow-up email by defense counsel, Ms. Phan and EM Cosmetics had produced all documents in their possession and have complied with the document requests. Defendant's counsel repeatedly demanded Ms. Phan and her manager produce documents (that did not exist in their custody) and stated that they were reserving rights to compel production from them if they did not produce documents defendant sought.

Although defendant chose to subpoena the victims of his crimes in December and constantly claimed the records between Ms. Phan and Ipsy were vital, defendant never sought to subpoena Ipsy until weeks after being informed that neither Ms. Phan nor her company had the documents sought in defendant's subpoena.  Defendant's actions -- or inactions -- caused these delays.  And as opposed to demanding records be produced by the subpoena return date or reserving rights to compel production from the third-party, defendant simply asks for a continuance of the dates again based on Ipsy's letter.  And based on a conversation the undersigned had with counsel for Ipsy, instead of demanding prompt compliance with the subpoena, defense counsel

informed Ipsy if they need more time to comply, simply to ask for it when they produced whatever records they had.

Defendant states it needs to continue all deadlines by two weeks based on a letter by Ipsy "that it needs two more weeks to complete its search for documents responsive to certain of the subpoena's requests." (CR 1183 at 2.) But as contained later in defendant's application, Ipsy states that they are "still investigating whether any responsive documents exist." (Id. Ex. B.) Defendant asks this Court to continue this matter on the hypothetical that there may be more records, or any records. Moreover, defense counsel appears to have assisted in creating the vary basis to support the request in telling Ipsy to simply ask for more time.

Notably absent from defendant's application are any attempts by defendant (including communications with Ipsy's counsel) to expedite the return or determine what may exist. This has remained the consistent practice of defendant since the remand: lack of diligent efforts to secure information, failure to act with alacrity, and, unfortunately, failure to be completely candid with the Court. Defense Counsel's declaration includes only part of government counsel's emailed statements that defendant's proposed dates did not afford both parties with the same two weeks for responses. Why defense counsel chose not to include the substance of the undersigned's response, specifically that defendant is aware that the undersigned is on travel from May 6-9, which prompted the prior sentencing date to be continued from May 9 to May 12, therefore, defendant's proposed dates essentially gave defendant an additional week to work on responses.

3

The Court should reject defendant's application as it is premature and unnecessary at this time to continue any sentencing dates.  First, defendant may not be getting any additional records, and defendant has not shown any efforts to obtain the records more expeditiously.  Second, the Probation Officer does not need the expert's report to prepare the amended PSR, and the parties can address the substance of the expert's report, if there is one, in their sentencing papers.  Or alternatively, defendant can actually work diligently to get the report to the Probation Officer before the current disclosure date.

**III. CONCLUSION**

For the reasons set forth above, the government respectfully requests that the Court deny defendant's Application to continue the sentencing dates.  The government does not object to a one-week continuance of the date by which the defendant's expert must disclose his report.